# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRACY GAYLE, | Case No.: 2:18-cv-00913-APG-NJK |
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF Nos. 23, 27] |
| BANK OF AMERICA, N.A., et al., | |
| Defendants | |

Plaintiff Tracy Gayle borrowed nearly $400,000 to purchase a house. ECF No. 18 at 8-9. That loan was secured by a deed of trust against the house. The loan was later sold on the secondary market. Gayle apparently failed to timely pay the loan installments so the defendants (beneficiaries of the note and deed of trust) want to enforce their remedies. Gayle is trying to prevent that by suing the defendants alleging a variety of claims.

The defendants move to dismiss the amended complaint. ECF No. 23.[1] Gayle's claims stem from her baseless allegations that because her loan was subsequently securitized and resold, the defendants cannot foreclose on the lien. Arguments like hers have been soundly rejected by courts across the country and they do not prevail in this case either. Because her claims are either invalid as a matter of law or improperly pleaded, I grant the motion to dismiss.

Gayle's amended complaint is a slightly-modified version of a form complaint available on the internet.[2] Similar versions of this complaint have been dismissed by judges across the country. *See Carranza v. U.S. Bank, N.A.*, No. 2:15-cv-1471-GMN-CWH, 2016 WL 1643793 at

---

[1] Defendant Clear Recon Corp. filed a joinder to the motion to dismiss. ECF No. 27.

[2] *See* http://www.certifiedforensicloanauditors.com/pdfs/SAMPLECOMPLAINT.pdf.

*2 (D. Nev. Apr. 25, 2016) (collecting cases). Gayle makes little more than a perfunctory attempt to tailor the form complaint to the facts of her case. And she improperly lumps together allegations against all defendants, making it impossible for the defendants to determine which allegations to respond to and how.

Gayle contends that because her loan was securitized and sold on the secondary market, no one can enforce the note and deed of trust. *See* ECF No. 18 at 12-14; ECF No. 29 at 17. She is wrong. "It is thoroughly established that '[s]ecuritization of a loan does not in fact alter or affect [a] legal beneficiary's standing to enforce [a] deed of trust.'" *Carranza*, 2016 WL 1643793 at *3 (citation omitted). Similarly, "securitization does not bar a party from initiating foreclosure proceedings." *Id.* (citations omitted). All of Gayle's allegations and claims based on securitization are dismissed with prejudice.

Gayle also attacks the validity of the assignments of rights related to her loan because they violated a "Pooling and Services Agreement" (PSA). ECF No. 18 at ¶¶ 20-22, 34-36. Gayle was not a party to the alleged PSA, and therefore has no standing to challenge it or to allege it was violated. *Carranza*, 2016 WL 1643793 at *3. All of her allegations and claims based on the PSA are dismissed with prejudice.

Gayle asserts claims of fraudulent concealment and fraudulent inducement (Second and Third Causes of Action). Under Nevada law, a party alleging fraud must demonstrate (1) a false representation made by the defendant, (2) the defendant knew or believed that the representation was false, (3) the defendant intended to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation, (4) the plaintiff's justifiable reliance upon the representation, and (5) damage to the plaintiff resulting from that reliance. *Lubbe v. Barba*, 540 P.2d 115, 117 (Nev. 1975). In addition, claims of fraud must be pleaded with greater specificity

2

under Federal Rule of Civil Procedure 9. A party alleging fraud must set forth the time, place, specific content, and speaker of the false statements. Gayle's claims of fraud do not meet this heightened pleading standard, as they simply repeat the elements of a fraud claim. This is improper. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."). I dismiss the fraud claims, but will allow Gayle to amend her complaint if facts exist to allow her to properly allege fraud with the specificity required by Rule 9.

Gayle claims the defendants' acts of "fraudulently attempting to foreclose or claimng (sic) the right to foreclose" on her property constitutes the intentional infliction of emotional distress. ECF No. 18 at ¶¶ 90-100 (Fourth Cause of Action). An IIED claimant must allege "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). "[E]xtreme and outrageous conduct is that which is 'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'" *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (1998) (citation omitted). The defendants' actions here, even if they occurred as Gayle alleges, are not extreme and outrageous.[3] I dismiss this claim.

Gayle claims the defendants violated the Real Estate Settlement Procedures Act (RESPA) "because the payments between the Defendants were misleading and designed to create a windfall." ECF No 18 at ¶¶ 128-134 (Eighth Cause of Action). Gayle does not specify which

---

[3] In addition, Gayle did not respond to this portion of the motion to dismiss, thereby consenting to it being granted. *See* Local Rule 7-2(d).

provision of RESPA was violated.  But her allegations do not give rise to a right to sue the defendants.

> RESPA creates a private right of action for three categories of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607; (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608; and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605.

*Carranza*, 2016 WL 1643793 at *5 (citation omitted).  Gayle's allegations do not fall under any of these categories.  Moreover, her RESPA claim would be barred by the one-year or three-year limitation periods that apply to such claims. *Id.*[4]  Thus, Gayle cannot maintain a RESPA claim so I dismiss it with prejudice.

The defendants moved to dismiss Gayle's claims of Slander of Title, Quiet Title, and Declaratory Relief (Fifth, Sixth, and Seventh Causes of Action). ECF No. 23 at 10-12.  These claims are based on Gayle's allegations about improper securitization and foreclosure.  I rejected those theories above, so these claims must likewise fail.[5]  I dismiss them.

Gayle named as defendants "J.P. Morgan Chase Bank, N.A. as Trustee of Structured Asset Mortgage Investments II Trust 2005-AR8" and "Trustee of Structured Asset Mortgage Investments II Trust 2005-AR8."  The defendants point out in their motion to dismiss that these are two portions of the name of defendant Bank of New York Mellon and thus are not properly named defendants. ECF No. 23 at 13.  Gayle did not respond to this argument and thus has

---

[4] In addition, Gayle did not respond to this portion of the motion to dismiss, thereby consenting to it being granted. *See* Local Rule 7-2(d).

[5] In addition, Gayle did not respond to this portion of the motion to dismiss, thereby consenting to it being granted. *See* Local Rule 7-2(d).

4

consented to granting that portion of the motion. *See* Local Rule 7-2(d). I will dismiss those entities.

IT IS THEREFORE ORDERED that the motion to dismiss **(ECF No. 23) is granted**. Clear Recon's joinder (ECF No. 27) is likewise granted. I dismiss with prejudice plaintiff Tracy Gayle's claims based upon securitization or the defendants' lack of standing (the First, Fifth, Sixth, and Seventh Causes of Action), the IIED claim (Fourth Cause of Action), and the RESPA claim (Eighth Cause of Action). The claims asserting fraud (Second and Third Causes of Action) are dismissed without prejudice.

IT IS FURTHER ORDERED that all claims against "J.P. Morgan Chase Bank, N.A. as Trustee of Structured Asset Mortgage Investments II Trust 2005-AR8" and "Trustee of Structured Asset Mortgage Investments II Trust 2005-AR8" are dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff Tracy Gayle may file a second amended complaint alleging fraud if she can plead sufficient facts with specificity to support such a claim. The second amended complaint must be filed by April 17, 2019. If not, the case will be closed.

DATED this 27th day of March, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE